IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILD HORSE FREEDOM FEDERATION,<br>14910 Wildwood Circle<br>Magnolia, Texas 77354<br><br>Plaintiff,<br>v.<br><br><br>BUREAU OF LAND MANAGEMENT,<br>1849 C Street, N.W.<br>Washington, DC 20240<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No: 17-cv-2237

## COMPLAINT

## I. INTRODUCTION

1.  Plaintiff Wild Horse Freedom Federation ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendant Bureau of Land Management ("BLM") in failing to provide Plaintiff with all non-exempt records responsive to its May 23, 2017 FOIA requests sent to this federal agency, seeking records of all weekly reports, all briefings from the Assistant Director of Renewable Resources and Planning to the Director of the BLM, all briefings and reports from Dean Bolstad, the Division Chief of the Wild Horse & Burro Program to the Assistant Director of Renewable Resources and Planning, and all Information Memorandums from Dean Bolstad to the Director, including all attachments and materials referenced within all of these requested records.

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

(FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff Wild Horse Freedom Federation is a non-profit public interest

organization that, at all times relevant herein, has been headquartered in Magnolia, Texas.

5.  Defendant Bureau of Land Management is a federal agency of the

United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide

copies of all non-exempt agency records to those persons who make a request for records

that reasonably describes the nature of the records sought, and which conform with

agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA

requests that it receives within twenty days (excepting Saturdays, Sundays, and legal

public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA

administrative appeals that it receives within twenty days (excepting Saturdays, Sundays,

and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.   FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.   FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.   Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.   Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

13.   On or about May 23, 2017, Plaintiff sent a FOIA Request to the Bureau of Land Management ("BLM") seeking any and all weekly reports in connection with the BLM's Wild Horse & Burro Program from January 1, 2016 to present including all attachments and materials referenced within these documents.

14.   Plaintiff's FOIA request to the BLM, as referenced in paragraph 13 above, included seeking any and all briefings that the BLM's Assistant Director of Renewable

Resources and Planning has sent to the Director of the Bureau of Land Management and all attachments and materials referenced within these briefings from January 1, 2016 to present.

15. Plaintiff's FOIA request to the BLM, as referenced in paragraph 13 above, included seeking any and all briefings and or reports from the Division Chief of the Wild Horse and Burro Program (Dean Bolstad) to the Assistant Director of Renewable Resources and Planning and all attachments and materials referenced within these documents from January 1, 2016 to present.

16. Plaintiff's FOIA request to the BLM, as referenced in paragraph 13 above, included seeking all Information Memorandums from Dean Bolstad to the Director of the BLM, including attachments and materials referenced within these documents.

17. On or about June 9, 2017, Defendant sent an email acknowledging receipt of Plaintiff's FOIA request, assigning it number 2017-00697.

18. On or about June 13, 2017, Defendant sent an email to Plaintiff asking for further clarification regarding Plaintiff's May 23, 2017 request, to which Plaintiff responded on or about June 13, 2017.

19. On or about August 2, 2017, Plaintiff emailed Defendant informing Defendant that there are weekly reports titled "Hot Topics" which would be responsive to the first portion of Plaintiff's FOIA request and Plaintiff requested the status of FOIA request 2017-00697. Defendant has never responded to this email.

20. On or about August 29, 2017, Plaintiff emailed Defendant asking for a completion date of FOIA request 2017-00697.

21. On or about August 30, 2017, Defendant emailed Plaintiff stating that the records were currently being reviewed.

22. On or about October 19, 2017, Plaintiff emailed Defendant asking for a completion date of FOIA request 2017-00697.

23. As of the date of the filing of this action, Plaintiff has not received a decision responding to Plaintiff's May 23, 2017 FOIA request. Moreover, since October 19, 2017 and up until the date of this filing there has been no response to Plaintiff's October 19, 2017 email.

## VII. CLAIMS FOR RELIEF

24. Plaintiff re-alleges, as if fully set forth herein, paragraphs 1 - 23 previously set forth herein.

25. Defendant BLM has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its May 23, 2017 FOIA request.

26. By failing to provide Plaintiff with all non-exempt responsive record to its FOIA request as described in paragraph 24 herein, Defendant BLM has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

27. Unless enjoined by this Court, Defendant BLM will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in the FOIA request described in paragraphs 13, 14, 15 and 16 above.

28. Plaintiff is directly and adversely affected and aggrieved by Defendant BLM's failure to provide responsive records to its FOIA request described above.

29. Plaintiff has been required to incur costs and fees in this matter.

30.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant BLM has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its May 23, 2017 FOIA request;

2.  Direct by injunction that BLM provide Plaintiff with all non-exempt responsive records to Plaintiff's May 23, 2017 FOIA request;

3.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4. Provide such other relief as the Court deems just and proper.

Respectfully submitted this 30th day of October, 2017.


_____/s/_____
C. Peter Sorenson, D.C. Bar #438089
SORENSON LAW OFFICE
P.O. Box 10836
Eugene, Oregon 97440
(541) 606-9173
petesorenson@gmail.com
Lead Attorney for Plaintiff

Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
Attorney for Plaintiff