UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILD HORSE FREEDOM FEDERATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | Civil Action No. 17-2237 (JEB) |

## MEMORANDUM OPINION

Plaintiff Wild Horse Freedom Federation (WHFF) brought this Freedom of Information Act suit seeking certain categories of documents associated with the Bureau of Land Management's Wild Horse and Burro Program (WHBP). Although BLM produced several hundred pages with and without redactions, WHFF believes that its search was inadequate and its withholdings overbroad. In response to the parties' Cross-Motions for Summary Judgment, the Court will grant a portion of Plaintiff's and deny much of Defendant's, mainly because BLM has neglected to respond at all to WHFF's Motion.

**I.  Background**

WHFF "is a non-profit public interest organization . . . headquartered in Magnolia, Texas." Compl., ¶ 4. In May 2017, it submitted a tripartite request to BLM, seeking weekly reports connected with BLM's WHBP, briefings from BLM's Assistant Director of Renewable Resources and Planning to BLM's Director, and briefings/reports from WHBP's Division Chief to the Assistant Director of Renewable Resources and Planning. Id., ¶ 1. Defendant conducted a

1

search and initially produced 61 pages, six of which contained redactions. See Def. MSJ, Attach. 3 (Declaration of Ryan Witt), ¶ 19. One month later, BLM released an additional 248 pages, of which 28 were redacted entirely and 115 were redacted in part. Id., ¶ 20.

Dissatisfied with its haul, WHFF filed this action on October 30, 2017, see ECF No. 1 (Complaint), and the parties have now cross-moved for summary judgment. See ECF Nos. 8 (Def.), 9 (Pl.). For reasons unbeknownst to the Court, the Government never filed an opposition to Plaintiff's Motion or a reply to its opposition. On June 29, 2018, the Court ordered BLM to produce clean and redacted copies of the contested pages, see Minute Order, which, as will be discussed below, the agency has partially accomplished.

## II. Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. See Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P.

56(c)(1). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

FOIA cases typically are decided on motions for summary judgment. See Brayton v. Office of U.S. Trade Rep., 641 F.3d 521, 527 (D.C. Cir. 2011). In a FOIA case, the Court may accept an "agency's affidavits, without pre-summary judgment discovery, if the affidavits are made in good faith and provide reasonably specific detail concerning the methods used to produce the information sought." Broaddrick v. Exec. Office of the President, 139 F. Supp. 2d 55, 64 (D.D.C. 2001). "Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks and citation omitted). "Summary judgment may not be appropriate without *in camera* review," however, "when agency affidavits in support of a claim of exemption are insufficiently detailed." Armstrong v. Exec. Office of the President, 97 F.3d 575, 578 (D.C. Cir. 1996). In such a circumstance, "district court judges [have] broad discretion in determining whether *in camera* review is appropriate." Id. at 577-78.

## III. Analysis

As is characteristic of most FOIA cases, the parties dispute two central issues: the adequacy of the agency's search and the appropriateness of its withholdings. The Court looks at each question separately.

### A. Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" Valencia-Lucena v. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of State, 897

F.2d 540, 542 (D.C. Cir. 1990)); see also Steinberg v. DOJ, 23 F.3d 548, 551 (D.C. Cir. 1994). The adequacy of an agency's search for documents under FOIA "is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case." Weisberg v. DOJ, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

To meet its burden, the agency may submit affidavits or declarations that explain the scope and method of its search "in reasonable detail." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982). The affidavits or declarations should "set[] forth the search terms and the type of search performed, and aver[] that all files likely to contain responsive materials (if such records exist) were searched." Oglesby v. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). Absent contrary evidence, such affidavits or declarations are sufficient to show that an agency complied with FOIA. See Perry, 684 F.2d at 127. "If, however, the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." Truitt, 897 F.2d at 542.

To elucidate its search, BLM has submitted the Declaration of Ryan Witt, who holds the role of FOIA Officer at the agency. See ¶ 1. WHFF here has no problems with BLM's search for items contained in the third part of its three-part request, but believes that the agency has been derelict in regard to the first two parts. See Pl. MSJ at 8-12. More specifically, in part one, Plaintiff requested all weekly reports connected to the WHBP. It now lists several reasons why it believes that BLM has not exhausted its search options, most prominently because the title of such reports varied depending on the sender, but the agency apparently searched only for documents entitled "weekly report." Pl. MSJ at 11. Since BLM has never filed any opposition to WHFF's Motion, the Court has no information with which to refute Plaintiff's argument.

4

Similarly, as to part two, WHFF points out that, although it requested all briefings from BLM's Assistant Director of Renewable Resources and Planning, it appears that briefings related only to the WHBP program − as opposed to topics including, *e.g.*, livestock, grazing, or endangered species − were included. See Pl. MSJ at 8-9. Once again, absent any rejoinder by the Government, the Court does not see why Plaintiff is incorrect.

The Court, accordingly, will order BLM to conduct a new search in the areas WHFF delineates in relation to parts one and two.

B. Exemptions

BLM withheld all or part of numerous documents under FOIA Exemptions 5 and 6. As Plaintiff does not challenge the latter withholdings – which largely redact cell-phone numbers – the Court will focus exclusively on the former. Exemption 5 applies to "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Withholdings are restricted to "those documents, and only those documents, normally privileged in the civil discovery context." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975); see also United States v. Weber Aircraft Corp., 465 U.S. 792, 798-99 (1984). In contrast to disclosures in that context, the needs of a particular plaintiff are irrelevant to a court's determination of whether a particular communication is exempt from disclosure under (b)(5). See Martin v. Office of Special Counsel, Merit Sys. Prot. Bd., 819 F.2d 1181, 1184 (D.C. Cir. 1987) (citing Sears, Roebuck, 421 U.S. at 149).

Exemption 5 encompasses three distinct components – namely, the deliberative-process privilege (sometimes referred to as "executive privilege"), the attorney work-product privilege, and the attorney-client privilege. See Am. Immigration Council v. U.S. Dep't of Homeland Sec.,

905 F. Supp. 2d 206, 216 (D.D.C. 2012). BLM here relies solely on the deliberative-process privilege, see Def. MSJ at 9-10, which covers documents that are both "predecisional" and "deliberative." Mapother v. DOJ, 3 F.3d 1533, 1537 (D.C. Cir. 1993).

In one scant paragraph, the agency offers a fairly boilerplate explanation for the application of this privilege here. See Def. MSJ at 10. In response, WHFF asked the Court for an *in camera* review of the documents, which the Court then ordered. See Minute Order of June 29, 2018. Although the Court ordered the submission of both clean and redacted copies, BLM complied only as to the 61 pages in Exhibit 11. As to the 248 in Exhibit 12, it provided only the redacted versions, leaving the Court to guess as to what information was actually on the pages. The Court will not, although it could, order all pages in Exhibit 12 released, but it certainly expects a clear and detailed explanation of the basis for BLM's withholdings and unredacted copies in the next round of briefing. Coupled with its failure to even file an opposition to Plaintiff's Motion, this performance is not up to the Government's usual standard.

In any event, as the Court is able to examine the six redactions on Exhibit 11, it can resolve that dispute. Of the six, three (labeled Int1-6, 8, and 10) include precisely the same material, which appears to be sufficiently deliberative and predecisional to be covered by the exemption. As to 12, however, this is simply a factual statement regarding a litigation decision and should not be redacted. Similarly, 21 might be covered by the attorney-client privilege, but that has never been invoked, and so it must be turned over as well. Finally, 35 is a factual statement regarding litigation that is not covered by deliberative process.

## IV. Conclusion

For the foregoing reasons, the Court will grant in part and deny in part the parties' Motions. A contemporaneous Order will require BLM to conduct a new search, unredact certain documents, and more fully justify the withholding of others.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 18, 2018